ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Acting Assistant Section Chief
DAVIS A. BACKER, Senior Trial Attorney (CO Bar No. 53502)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation, LAURA LEIGH, individually and on behalf of WILD HORSE EDUCATION, and TAMMI ADAMS, individually and on behalf of WILD HORSE EDUCATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, BILL GROFFY, in his official capacity as Principal Deputy Director and Acting Director of the Bureau of Land Management, and JUSTIN ABERNATHY, in his official capacity as acting Nevada State Director of the Bureau of Land Management,<br><br>Defendants. | Case No. 2:26-CV-01524<br><br>**REQUEST FOR BRIEFING SCHEDULE** |

1

Defendants hereby respectfully request that the Court afford a reasonable time to respond to Plaintiffs' forthcoming motion for a preliminary injunction.

On May 18, 2026, Plaintiffs filed a complaint for injunctive and declaratory relief, ECF No. 1. Plaintiffs allege violations of the Wild Free-Roaming Horses and Burros Act, National Environmental Policy Act, Federal Land Policy and Management Act, and Administrative Procedure Act in connection with the Bureau of Land Management's ("BLM") plan to gather wild horses on the Callaghan Complex Herd Management Area in northern Nevada.

BLM first published notice of its intent to hold the challenged gather on February 12, 2026, with the issuance of an environmental assessment and associated finding of no significant impact and decision record. A month later, on March 13, 2026, BLM published its tentative national gather schedule, which provided public notice that the upcoming gather operation would begin on July 10, 2026. Plaintiffs later filed an appeal to the Interior Board of Land Appeals and petitioned to stay the effectiveness of BLM's decision record authorizing the gather, but that petition was denied on April 6, 2026.

Counsel for Defendants first contacted counsel for Plaintiffs on May 19, 2026, after being notified of the complaint but before confirming proper service of the named defendants.[1] Undersigned counsel inquired whether Plaintiffs intended to seek emergency relief and, if so, to negotiate a reasonable briefing schedule. Counsel for Plaintiffs and undersigned counsel exchanged several emails in the intervening two weeks. On June 2, 2026, counsel for Plaintiffs indicated that they intend to file a motion for emergency relief in the coming days. Undersigned counsel explained that Defendants would require 14 days for a response to which Plaintiffs' counsel responded that they "do not oppose Defendants' proposed briefing schedule provided the

---

[1] To date, undersigned counsel has not been able to confirm that the United States has been properly served. The federal government may only be served with a lawsuit in accordance with applicable statutes and court rules, and individual Department of Justice attorneys are not authorized to accept service of process. *See* Department of Justice, *Justice Manual* § 5-5.125, https://www.justice.gov/jm/jm-5-5000-procedures#5-5.124.

2

delayed briefing is not used to argue that the balance of hardships weighs in BLM's favor."[2]

Undersigned counsel for Defendants has a number of pressing litigation deadlines over the next three weeks, including four substantive briefs and a hearing in the District of Maryland. Accordingly, Defendants respectfully request that the Court allow a reasonable 14 days for Defendants to respond to any forthcoming motion for a preliminary injunction.[3]

Plaintiffs will not be harmed by the proposed schedule to accommodate competing litigation deadlines. Moreover, the proposal should give the Court time to consider the parties' filings and issue a decision prior to the scheduled start of BLM's gather operation on July 10. Accordingly, Defendants respectfully request that the Court allow them 14 days to respond to any forthcoming motion for emergency relief. A proposed order accompanies this request.

Dated: June 2, 2026                    Respectfully submitted,

ADAM R.F. GUSTAFSON,
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Acting Assistant Section Chief

/s/ Davis A. Backer
DAVIS A. BACKER
Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (202) 305-5469
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

**Attorneys for Defendants**

---

[2] Defendants' do not agree to waive any potential arguments in response to Plaintiffs' forthcoming motion for emergency relief.

[3] Local Civil Rule 7-2(b) provides 14 days to respond to any motion in the normal course. *Compare* Local Civil Rule 7-4 (Emergency Motions) (declining to specify any default timeline for responding to emergency motions).